IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 1:05-cr-558-WSD-3 |
| LUIS FERNANDO TREVINO, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Trevino's *pro se* Motion for Reconsideration [477] of the Court's Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [476]. Defendant seeks reconsideration of the Court's reduction of his sentence pursuant to Section 3582(c)(2) on the grounds that the reduction of his sentence should have been greater to reflect the extent of his cooperation before his original sentencing, his good behavior while incarcerated, his academic progress while incarcerated, and because he does not present a threat to the safety of others.

**I.  DISCUSSION**

"Although no statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases, federal district courts necessarily have substantial discretion in ruling on motions for reconsideration." United States v. Jewett, No. 09-00076-KD, 2009 U.S. Dist. LEXIS 75021, at *1 (S.D. Ala. Aug. 24, 2009) (internal quotations and citations omitted).  The appropriate grounds for granting reconsideration include: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  Id.; see also Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (discussing motions for reconsideration in the civil action context); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").[1]

---

[1] The Eleventh Circuit has considered motions for reconsideration in criminal cases only in the limited context of considering whether these motions may act as tolling motions for purposes of filing a timely appeal.  See United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992) ("[A] motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure . . . .").  The Court, nonetheless, believes it has discretion to grant a reconsideration motion if there is sufficient reason to do so.

On June 22, 2015, the Court entered its order reducing Defendant's sentence from 177 to 162 months as a result of the United States Sentencing Commission revision of the USSG §1B1.10 drug tables by reducing each enhancement by two points.  In making its reduction, the Court considered the original sentence imposed on Defendant, the credit Defendant received for his substantial assistance under USSG § 5K1.1 and the criteria set forth under 18 U.S.C. § 3553.  In doing so, the Court concluded that a reduction in Defendant's custodial sentence to 166 months was the appropriate reduction under these circumstances.  The Court acknowledges that Defendant has had good conduct while incarcerated and has been laudably successful in his academic accomplishments.  Upon review, however, the Court concludes that the reduction granted on June 22, 2015, is the appropriate reduction to be made and finds there is no further basis upon which to reconsider the Court's Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).

## II.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration [477] is **DENIED**.

**SO ORDERED** this 14th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE